NOTE: CHANGES MADE BY THE COURT

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES KIM, by and through his Attorney in Fact, EVELYN KIM; and CHRIS HAYNES II, an incompetent, by and through his Guardian ad Litem CHRIS HAYNES<br><br>Plaintiffs,<br><br>v.<br><br>SAFECO INSURANCE COMPANY OF ILLINOIS, a corporation; SCOTTSDALE INDEMNITY COMPANY, a corporation; and DOES 1 to 100, inclusive,<br><br>Defendants.<br>_____<br><br>SCOTTSDALE INDEMNITY COMPANY, an Ohio Corporation,<br><br>Cross-Complainant,<br><br>v.<br><br>SAFECO INSURANCE COMPANY OF ILLINOIS, an Illinois Corporation,<br><br>Cross-Defendant. | Case No.: 2:17-cv-05377-RGK-JPR<br><br>**STIPULATED PROTECTIVE ORDER** |

Having reviewed and considered the Joint Stipulation of the parties - - Plaintiffs, Charles Kim, by and through his Attorney in Fact, Evelyn Kim, and Chris Haynes II, an incompetent, by and through his Guardian ad Litem Chris Haynes

-1-

(collectively, "Plaintiffs"), Defendant and Cross-Defendant, Safeco Insurance Company of Illinois ("Safeco"), and Defendant and Cross-Complainant, Scottsdale Indemnity Company ("Scottsdale") (collectively, Safeco and Scottsdale are referred to as "Defendants") - - and good cause appearing therefore, the Court hereby enters the following stipulated protective order which shall govern pretrial proceedings except as ordered otherwise by the Court.

## I.
## **PROTECTIVE ORDER**

The Court hereby **ORDERS**, under Rule 26(c) of the Federal Rules of Civil Procedure, that any person subject to this Order—including, without limitation, the parties to this action, their representatives, agents, experts and consultants, and all persons acting in concert or participation with them—shall adhere to the following terms:

1. Any person subject to this Order who receives from any other person any "Confidential Information" or "Highly Confidential – For Counsel Only" shall not disclose such information to anyone else except as expressly permitted under this Protective Order.

2. "Confidential Information" means "Litigation Material" that would disclose: (a) information that a party is obligated to treat as confidential under the terms of an agreement with a non-party; (b) trade secrets, non-public or proprietary information of a party; (c) information about a person's medical, psychological and/or medical condition; and (d) private financial information of the parties hereto. Confidential Information includes original information having a

confidentiality designation, and any copy, derivative or abstract, as well as any notes, briefs, or references for which that information is the source.

"Highly Confidential – For Counsel Only" information means "Litigation Material" that one Defendant insurer in good faith believes would disclose highly sensitive proprietary information to the other Defendant insurer. The designation "Highly Confidential – For Counsel Only" shall be limited to highly sensitive proprietary information that is not publicly available or readily ascertained through public means, the disclosure of which would adversely impact the disclosing party's business or competitive interests.

3. "Litigation Material" means as information of any kind that becomes part of the record of these proceedings, is provided by any party in the course of discovery, or is otherwise disclosed in these proceedings pursuant to the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Central District of California, or a Court order, and which can include documents, things, or testimony.

4. Any Litigation Material that a supplier asserts constitutes or contains Confidential Information must be so designated by that supplier, by clearly and prominently marking only the confidential portions of the Litigation Materials CONFIDENTIAL or HIGHLY CONFIDENTIAL – FOR COUNSEL ONLY. All such Litigation Material marked CONFIDENTIAL or HIGHLY CONFIDENTIAL – FOR COUNSEL ONLY shall be used only in accordance with the terms of this Stipulated Protective Order.

5. All Litigation Material marked CONFIDENTIAL or HIGHLY CONFIDENTIAL – FOR COUNSEL ONLY, and all information derived from such materials, shall be maintained in strict confidence by the receiving party and used by

the receiving party solely in the preparation and trial of this action or any appeal from this action, and not for any other purpose.

6. Except as herein provided or otherwise ordered by the Court in this action, the receiving party shall not disclose or permit to be disclosed Litigation Material which is marked CONFIDENTIAL to any person other than:

(1) the Court (including the judge, magistrate judge, any special master appointed by the Court, clerks and other Court personnel, and the jury);

(2) the receiving party's outside counsel of record in this action and past and current outside counsel not of record in this action, including their necessary support staff (such as paralegals, secretaries, and clerical personnel), and the receiving party's in-house attorneys or support staff;

(3) an individual named as a party or an entity named as a party through its employees;

(4) outside experts or consultants as defined in paragraph 10 below, including necessary support personnel;

(5) as to any document, its author, its addressee, and any other person indicated on the face of the document as having personally received a copy;

(6) an employee of the disclosing party in a deposition of that employee;

(7) stenographers and videographers engaged to transcribe and record depositions conducted in this action;

(8) any outside document duplication, scanning, imaging, coding, or other support vendor retained by outside counsel of record to process Litigation Material or to prepare for trial in this case; or

|   |   |
|---|---|
| 1 | (9) jury consultants retained by outside counsel of record and their |
| 2 | necessary support personnel, and mock jurors and focus group |
| 3 | participants used by them, who agree to be bound by the terms of this |
| 4 | Order. |
| 5 | 7. Except as herein provided or otherwise ordered by the Court in |
| 6 | this action, all Litigation Material marked HIGHLY CONFIDENTIAL – FOR |
| 7 | COUNSEL ONLY that has been obtained from a party during the course of this |
| 8 | proceeding may be disclosed or made available only to: |
| 9 | (1) the Court (including the judge, magistrate judge, any special |
| 10 | master appointed by the Court, clerks, court reporters and other Court |
| 11 | personnel, and the jury); |
| 12 | (2) the receiving party's outside counsel of record in this action and |
| 13 | past and current outside counsel not of record in this action,, including |
| 14 | their necessary support staff (such as paralegals, secretaries, and |
| 15 | clerical personnel), and the receiving party's in-house attorneys or |
| 16 | support staff; |
| 17 | (3) court reporters and their staff; |
| 18 | (4) any person identified on the face of the Litigation Material as its |
| 19 | author, addressee or recipient, or who was actually involved the |
| 20 | preparation of the Litigation Material; |
| 21 | (5) witnesses who are employees of the designating party; |
| 22 | (6) outside experts or consultants, as defined in paragraph 10, of the |
| 23 | receiving party (a) to whom disclosure is reasonably necessary for this |
| 24 | action; (b) who are not, and for the past ten years have not been, |
| 25 | employed by the designating party; and (c) who have read the |
| 26 | Stipulated Protective Order and execute the Acknowledgment annexed |
| 27 | as Exhibit A. The originals of executed Acknowledgements shall be |
| 28 | retained by the counsel for the party securing the signatures thereto. |

(7) other witnesses upon the agreement of the designating party or, if agreement cannot be reached, by order following the presentation of the dispute to the Magistrate Judge or District Court Judge in accordance with Local Rule 37.

8. Before disclosure of information marked CONFIDENTIAL to any person identified in paragraph 6 (2)-(4) and (7)-(9), or the disclosure of information marked HIGHLY CONFIDENTIAL – FOR COUNSEL ONLY to any person identified in paragraph 7 (2)-(7), such person shall first read the Stipulated Protective Order and execute the Acknowledgment annexed as Exhibit A. The originals of executed Acknowledgements shall be retained by the counsel for the party securing the signatures thereto.

9. The persons identified in paragraphs 6 (2)-(4) and (7)-(9) and 7 (2)-(7) who receive access to information marked as CONFIDENTIAL or HIGHLY CONFIDENTIAL – FOR COUNSEL ONLY under this Stipulated Protective Order, including all attorneys, shall abide by and be bound by the provisions of this Stipulated Protective Order and use due care to see that its provisions are known and adhered to by those under their supervision or control.

10. For purposes of paragraph 6 and 7, an outside expert or consultant shall be defined as a person who (a) is retained or employed as a *bona fide* expert or consultant for the purposes of this litigation, by or at the direction of outside counsel for a party, and (b) is not an employee of a party and has not been an employee of a party since this litigation was initiated.

11. No person shall attend portions of depositions during which Confidential Information is disclosed unless such person is an authorized recipient

1 under the terms of this Stipulated Protective Order. If, during the course of a
2 deposition, the appropriate response to a question may require the disclosure of
3 Confidential Information the witness may refuse to answer or the party whose
4 Confidential Information is being disclosed may instruct the witness not to answer
5 or not to complete his or her answer, as the case may be, until all persons not
6 authorized to receive such Confidential Information have left the room. Each party
7 has an absolute right to attend all portions of all depositions, but documents
8 designated as HIGHLY CONFIDENTIAL – FOR COUNSEL ONLY may not be
9 shown to persons except as provided in this Protective Order.

11       12. Deposition transcripts may be designated as Confidential
12 Information either (1) on the record at the time the testimony is recorded (including
13 retroactively), in which case the transcript of the designated testimony shall be
14 bound in a separate volume and marked CONFIDENTIAL or HIGHLY
15 CONFIDENTIAL – FOR COUNSEL ONLY by the reporter as directed by the
16 designating party, or (2) by written notice, including a list of the pages and line
17 numbers so designated, to the reporter and each party's counsel, given within thirty
18 (30) days after the transcript is received by the witness or his counsel or by any
19 party or its counsel.

21       13. In the event that a party intends to disclose Confidential
22 Information in any pleading, motion or other paper or thing to be filed with the
23 Court, that party shall follow the procedures set forth in **Local Rule 79-5** for
24 seeking an order directing that the confidential portions of such papers be filed
25 under seal.

27       14. If a party or a supplying person through inadvertence produces
28 any Confidential Information without labeling, marking or otherwise designating it

as such in accordance with the provisions of this Stipulated Protective Order, the supplying person or supplying party may give written notice to the receiving party that such information is deemed Confidential Information and should be treated as such in accordance with the provisions of this Stipulated Protective Order. All receiving parties shall treat such information as Confidential Information pursuant to such notice from the date such notice is received, to the extent such information has not been disclosed to persons outside the noticed level of protection. Disclosure of such information, prior to the receipt of such notice, shall not be deemed a violation of this Stipulated Protective Order.

15. A party shall not be obligated to challenge the propriety of a confidentiality designation referred to in this Stipulated Protective Order at the time made, and a failure to do so shall not preclude or in any way prejudice any subsequent challenge. Any party, at any stage of these proceedings, may challenge any designation of Confidential Information by giving written notice to all other parties, and to the supplier of such information if he or she is not a party, of such challenge, including reasons for the challenge. The parties, and the supplying persons or entity if applicable, shall try first to resolve such dispute in good faith on an informal basis, as promptly as is reasonably possible. If the dispute cannot be resolved informally, the party challenging the designation of information as CONFIDENTIAL or CONFIDENTIAL – FOR COUNSEL ONLY may seek appropriate relief from this Court under Local Rule 37.

16. The restrictions of this Stipulated Protective Order shall not apply to any information or material which becomes known lawfully to the recipient in manner that does not violate the provisions of this Stipulated Protective Order.

1    17.    This Stipulated Protective Order is intended solely to facilitate the preparation and trial of this case and shall not be considered in any way as an admission or agreement by any party that any designated information actually constitutes or contains any privileged, confidential, or proprietary information.

18.    This Order shall not affect a party's right (a) to withhold information on grounds of privilege or immunity from discovery, or (b) to reveal or disclose to anyone any documents or information designated by that party as CONFIDENTIAL or HIGHLY CONFIDENTIAL – FOR COUNSEL ONLY.

19.    All Confidential Information disclosed to a receiving party and any notes or other records regarding that information must be maintained in a secure area in the custody of the receiving party's attorneys of record or in a secure area in the custody of the receiving party's expert(s) and/or consultant(s).  Any person identified in paragraphs 6 (2)-(4) and (7)-(9), and 7 (2)-(7), with custody of Confidential Information must maintain it in a manner which ensures that access to such information is strictly limited to persons entitled to receive such information in accordance with the provisions of this Stipulated Protective Order.

20.    In the event that any person or entity violates or threatens to violate any term of this Stipulated Protective Order, the parties agree that the aggrieved party may seek injunctive relief against such actual or threatened violation.

21.    Within thirty (30) days after the final termination of this action (including all appeals), each party shall assemble all Litigation Materials furnished or designated by any other person as containing Confidential Information and shall,

1 at the election of the receiving person, either destroy or return to the supplying
2 person any originals and all copies of such Litigation Materials.

3
4     22.    Notwithstanding the foregoing, the attorneys of record for each
5 party shall be entitled to retain all pleadings, motion papers, court filings, deposition
6 transcripts (and exhibits), legal memoranda, correspondence, notes, and work
7 product.
8     23.    If any person or party having possession, custody or control of
9 any document or information produced in this action and designated
10 CONFIDENTIAL or HIGHLY CONFIDENTIAL – FOR COUNSEL ONLY
11 receives a subpoena or other process or order to produce such information, such
12 person or party shall timely notify the attorneys of record of the disclosing party,
13 shall timely furnish those attorneys with a copy of the subpoena or other process or
14 order unless prohibited to do so by law, and shall cooperate respecting any lawful
15 procedure sought to be pursued by the disclosing party to prevent the production of
16 such information. Nothing in this Protective Order should be construed as
17 authorizing a Receiving Party in this action to disobey a lawful directive from
18 another court.
19
20     24.    Nothing herein shall abridge the right of any person to seek a
21 modification of this Stipulated Protective Order.
22
23     //
24
25     //
26
27     //
28

SMRH:484710358.1 STIPULATED PROTECTIVE ORDER

//

25. The terms and provisions of this Stipulated Protective Order shall survive the termination of this action, and its terms and conditions shall be binding on the parties and on anyone else to whom Confidential Information is disclosed.

**IT IS SO ORDERED.**

DATED: November 16, 2017  _____
HONORABLE JEAN P. ROSENBLUTH
UNITED STATES MAGISTRATE JUDGE

# **EXHIBIT A**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES KIM, by and through his Attorney in Fact, EVELYN KIM; and CHRIS HAYNES II, an incompetent, by and through his Guardian ad Litem CHRIS HAYNES<br><br>Plaintiffs,<br><br>v.<br><br>SAFECO INSURANCE COMPANY OF ILLINOIS, a corporation; SCOTTSDALE INDEMNITY COMPANY, a corporation; and DOES 1 to 100, inclusive,<br><br>Defendants. | Case No.: 2:17-cv-05377-RGK-JPR<br><br>**ACKNOWLEDGMENT OF NONDISCLOSURE UNDER PROTECTIVE ORDER** |
| And Related Counterclaim | |

I, _____ (name), acknowledge that I have received and read a copy of the Stipulated Protective Order entered in the action presently pending in the United States District Court for the Central District of California, entitled *Charles Kim, by and through his Attorney in Fact, Evelyn Kim, et al, v. Safeco Insurance Company of Illinois, et al,* Case No. 2:17-cv-05377-RGK-JPR. I agree to comply with and be bound by this Stipulated Protective Order, and I hereby submit to the jurisdiction of the United States District Court for the Central District of California with respect to any action arising out of any claim of violation of the Stipulated Protective Order.

Date                              Signature